**FREEDMAN AND LORRY, P.C.**
Scott A. Portner, Esquire
Diana Caiafa-English, Esquire
Identification Nos.: SP7606 / 3092002
1601 Market Street, Suite 1500
Philadelphia, PA 19103
(215) 931-2542                                         Attorneys for Plaintiffs

| | |
|---|---|
| Shadella Loftin and Christopher Loftin, husband and wife,<br><br>Plaintiffs<br><br>v.<br><br>Delaware River and Bay Authority and Cape May-Lewes Ferry, and John Does 1-10, jointly and severally,<br><br>Defendants. | **SUPERIOR COURT OF NEW JESEY**<br>**CIVIL PART / LAW DIVISION**<br>**CAPE MAY COUNTY**<br><br>**DOCKET NO.:** |

## COMPLAINT

Plaintiffs, Shadella Loftin and Christopher Loftin, by and through their Counsel, Scott A. Portner, Esquire of Freedman & Lorry, P.C., hereby aver as follows:

### FIRST COUNT - NEGLIGENCE

1.      Plaintiffs, Shadella Loftin and Christopher Loftin are adult individuals who at all times relevant hereto resided at 3 Dix Place, Staten Island NY, 10304.

2.      At all times relevant hereto, Defendant, Delaware River and Bay Authority (hereinafter "DRBA") was a bi-state government agency created by Compact in 1962, known as the "Delaware-New Jersey Compact," codified by N.J.S.A. 32:11E-1, et seq.

3.      At all times relevant hereto, Defendant DRBA was an agency of government of the State of Delaware and the State of New Jersey, created for the following general public purposes:

1

(i) The planning, financing, development, construction, purchase, lease, maintenance, improvement, and operation of crossings between the States of Delaware and New Jersey across the Delaware River or Bay; and

(ii) The planning, financing, development, construction, purchase, lease, maintenance, improvement, and operation of any transportation or terminal facility within the State of Delaware or the New Jersey counties of Cape May, Cumberland, Gloucester, and Salem, which facility, in the judgment of the Authority, is required for the sound economic development of the area; and

(iii) The planning, financing, development, construction, purchase, lease, maintenance, improvement, and operation of any commerce facility or development within the State of Delaware or the New Jersey counties of Cape May, Cumberland, Gloucester, and Salem, which in the judgment of the Authority is required for the sound economic development of the area; and,

(iv) The performance of such other functions as may be hereafter entrusted to the Authority by concurrent legislation expressly in implementation hereof.

4. At all times relevant hereto, Defendant DRBA was overseen by six (6) commissioners from the State of New Jersey and six (6) commissioners from the State of Delaware.

5. At all times relevant hereto Defendant DRBA was charged with providing vital transportation links between the State of New Jersey and the State of Delaware, as well as

economic development in Delaware, and the four (5) southern counties of New Jersey, Cape May, Cumberland, Gloucester, and Salem.

6. At all times relevant hereto, Defendant DRBA owned, managed, maintained, operated, captained and/or navigated the Defendants Cape May-Lewes Ferry System, with its principal place of business at 1200 Lincoln Blvd, North Cape May, NJ 08204.

7. At all times relevant hereto the Defendants Cape May-Lewes Ferry was a business, established for the purpose of transporting people and vehicles, among other things, between New Jersey and Delaware and across the Delaware Bay.

8. At all times relevant hereto the Defendants, the M/V Cape Henlopen, a vessel of Defendant Cape May-Lewes Ferry, was a ferry-boat that was chartered, owned, managed, maintained, operated, captained and/or navigated by Defendant Cape May-Lewes Ferry, a division of the Defendant DRBA, through said Defendants' agents, servants and employees.

9. At all times relevant hereto, Defendant DRBA was an in-state commission of New Jersey and Delaware empowered to sue and to be sued in all courts of competent jurisdiction including the New Jersey Superior Court under the Delaware-New Jersey Compact, N.J.S.A. 32:11D-87(a)(1).

10. On or about September 30, 2018, Plaintiffs drove their vehicle onto the Defendants' ferry, the M/V Cape Henlopen, docked at Defendant Cape May-Lewes Ferry, Cape May, New Jersey.

11. As the Defendants' ferry came into port in Lewes, Delaware, Plaintiff, Shadella Loftin was coming from the second level returning to her car, when suddenly and without warning the ferry began to jolt, thrust, shake, stop, jerk and/or lurch, causing her to be thrown from the top of the second staircase to the deck below.

12. At the time and place aforesaid and prior thereto, Defendants, a common carrier of passengers for hire, was bound to use a high degree of care to protect its passengers, including Plaintiff, Shadella Loftin, from reasonably foreseeable and anticipated danger, which resulted in Plaintiff sustaining serious bodily injury.

13. At all times relevant hereto, Defendants were negligent in failing to provide Plaintiff, Shadella Loftin, with a sufficient amount of time to return safely to her vehicle, which resulted in Plaintiff sustaining serious bodily injury.

14. At all times relevant hereto, Defendants were negligent in failing to provide Plaintiff, Shadella Loftin, with a reasonably safe premises on which to return to her vehicle, which resulted in Plaintiff sustaining serious bodily injury.

15. At all times relevant hereto, Defendants were negligent in failing to provide Plaintiff, Shadella Loftin, with a railing sufficient to guide her way down from the second level to the deck below, which resulted in Plaintiff sustaining serious bodily injury.

16. At all times relevant hereto, Defendants were negligent in failing to provide Plaintiff, Shadella Loftin, with a reasonably safe passageway from the second level to the deck below, which resulted in Plaintiff sustaining serious bodily injury.

17. At all times relevant hereto Defendants negligently exposed Plaintiff, Shadella Loftin, to unreasonable risk of harm under the attendant circumstances, negligently failed or refused to ameliorate an unsafe condition that Defendants created, and negligently failed to provide aid for Plaintiff to return safety to her vehicle, which resulted in Plaintiff sustaining serious bodily injury.

18. At all times relevant hereto Defendants were otherwise inattentive and careless in moving the ferry, thereby causing it to jolt, thrust, shake, stop, jerk and/or lurch, which resulted Plaintiff sustaining serious bodily injury.

19. At all times relevant hereto, Defendants were otherwise inattentive and careless in moving the ferry prior to allowing Plaintiff to safely return to her vehicle, which resulted in Plaintiff sustaining serious bodily injury.

20. In so doing, Defendants failed to use that degree of care, precaution and vigilance which reasonably prudent persons in Defendants' position would have used under the same or similar circumstances, which resulted in Plaintiff, Shadella Loftin, sustaining serious bodily injury.

21. In so doing, Defendants failed to exercise the foresight, prudence and caution which a reasonably prudent person in Defendants' position would have exercised under the same or similar circumstances, which resulted in Plaintiff, Shadella Loftin, sustaining serious bodily injury.

22. In so doing, Defendants knew, or though the exercise of ordinary care, reasonably should have known, of the probability that Plaintiff would sustain serious bodily injury as a result of the Defendants' ferry jolting, thrusting, shaking, stopping, jerking and/or lurching.

23. Defendants' actions and/or failure to safely operate Defendants ferry was the proximate cause of Plaintiffs' injuries.

24. Defendants' actions and/or failure to safely operate Defendants' ferry, causing it to jolt, thrust, shake, stop, jerk and/or lurch, violated the general reasonable standard and customs in the industry of operating and/or docking ferries.

25. As a result of Defendants' negligence, Plaintiff, Shadella Loftin, sustained injuries to her cervical spine, bilateral knees, bilateral hands and wrists, facial contusions and lacerations, the full extent which is not yet known.

26. As a direct and causal result of Defendants negligence, Plaintiff, Shadella Loftin, suffered, and will continue to suffer, pain, discomfort, disability, and/or impairment of her bodily functions;

loss of enjoyment of life; past medical expenses; future medical expenses; past lost wages and/or future lost wages.

**WHEREFORE**, Plaintiffs demand judgment on this count against Defendants, DRBA and Cape May-Lewes Ferry, by and though their agents, servants and employees, for damages, interests and costs of suit and for any other compensation which this Court deems just.

## SECOND COUNT – COMMON CARRIER NEGLIGENCE

27. Plaintiff repeats and incorporates the allegations of the preceding paragraphs as if set forth fully herein.

28. At all times relevant hereto, Defendants, DRBA and Cape May Lewes-Ferry Services, were in the service of affording the public a passage between New Jersey and Delaware and thus was a common carrier engaged in public transportation.

29. At all times relevant hereto Defendants owed Plaintiffs a high degree of care to protect Plaintiffs from dangers that are known and/or dangers that were reasonably foreseeable.

30. At all times relevant hereto, Defendants were obligated to use the utmost caution to protect Plaintiffs, the kind of caution that is characteristic of a very careful and prudent person.

31. At all times relevant hereto, defendants were otherwise inattentive and careless in moving the ferry thereby causing it to jolt, thrust, shake, stop, jerk and/or lurch, thereby breaching its high duty of care to Plaintiffs.

32. At all times relevant hereto, Defendants failed to control its ferry, allowing it to jolt, thrust, shake, stop, jerk and/or lurch, and thereby breaching its duty of high care to Plaintiffs.

33. At all times relevant hereto, Defendants failed to control its ferry, allowing it to jolt, thrust, shake, stop, jerk and/or lurch, and thereby failing to use the utmost caution to protect Plaintiffs and failing to exercise the kind of caution characteristic of a very careful and prudent person.

6

34. At all times relevant hereto, Defendants failed to exercise a high degree of care in starting, stopping or decreasing the speed of its ferry so as not to imperil the safety of Plaintiff.

35. At all times relevant hereto, the sudden jolt, thrust, shake, stop, jerk and/or lurch would not have occurred and/or would have been unlikely to occur if Defendants had exercised proper care and/or would have acted how a reasonably prudent person would have acted under the same circumstance.

36. Defendants' actions and/or failure to safely operate and/or failure to control Defendants ferry was the proximate cause of Plaintiffs' injuries.

### THIRD COUNT – LOSS OF CONSORTIUM

37. Plaintiff, Christopher Loftin, is the husband of Plaintiff, Shadella Loftin.

38. Plaintiff, Christopher Loftin, repeats and incorporates the allegations of the preceding paragraphs as if set forth fully herein.

39. As a result of the injuries sustained by his wife, Plaintiff Christopher Loftin has been caused to suffer the loss of his wife's society, companionship and consortium.

**WHEREFORE**, Plaintiffs demand judgment on this count against Defendants DRBA and Cape May-Lewes Ferry, by and though their agents, servants and employees, for damages, interests and costs of suit and for any other compensation which this Court deems just.

**FREEDMAN & LORRY, P.C.**

By: _____
SCOTT A. PORTNER, ESQUIRE
Attorney for Plaintiffs

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

**FREEDMAN & LORRY, P.C.**

By: _____
SCOTT A. PORTNER, ESQUIRE
Attorney for Plaintiffs

## DESIGNATION OF TRIAL COUNSEL
## PURSUANT TO R. 4:5-1(c)

PLEASE TAKE NOTICE that pursuant to Rule 4:25-4, Scott A. Portner, Esquire and Diana Caiafa-English, Esquire, are hereby designated as trial counsel in the above captioned litigation on behalf of the firm of Freedman and Lorry, P.C.

**FREEDMAN & LORRY, P.C.**

By: _____
SCOTT A. PORTNER, ESQUIRE
Attorney for Plaintiffs

## CERTIFICATION OF NO OTHER ACTIONS PURSUANT TO R. 4:5-1(b)(2)

1. The matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding.

2. No other action or arbitration proceeding is contemplated.

3. There is no other party who should be joined in this action to my knowledge as of the present time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

**FREEDMAN & LORRY, P.C.**

By: _____Scott Portner_____
SCOTT A. PORTNER, ESQUIRE
Attorney for Plaintiffs

## DEMAND FOR INSURANCE INFORMATION

Pursuant to Rule 4:10-2, you are hereby requested to disclose to the undersigned the limits of all insurance policies, insuring Defendants against liability for the negligence for which this action was instituted, including but not limited to primary policies and excess/umbrella policies, and policies of any other related business entities under Defendants' control.

**FREEDMAN & LORRY, P.C.**

By: _____Scott Portner_____
SCOTT A. PORTNER, ESQUIRE
Attorney for Plaintiffs

## DEMAND FOR ANSWERS TO FORM INTERROGATORIES

Demand is hereby made that Defendants answer Form C and C(2) interrogatories contained in the New Jersey Rules of Court, Appendix II.

**FREEDMAN & LORRY, P.C.**

By: _____Scott Portner_____
SCOTT A. PORTNER, ESQUIRE
Attorney for Plaintiffs

## CERTIFICATION OF COMPLIANCE WITH R. 1:38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**FREEDMAN & LORRY, P.C.**

By: _____
SCOTT A. PORTNER, ESQUIRE
Attorney for Plaintiffs

## VERIFICATION

I, Shadella Loftin, hereby verify that I am the Plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to counsel and information which has been gathered by counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not mine. I have read the Complaint, and to the extent that the statements therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information and belief. To the extent the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that if false statements were made herein I would be subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

_____
SHADELLA LOFTIN

Dated: 11/18/19

## VERIFICATION

I, Christopher Loftin, hereby verify that I am the Plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to counsel and information which has been gathered by counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not mine. I have read the Complaint, and to the extent that the statements therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information and belief. To the extent the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that if false statements were made herein I would be subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

_____
CHRISTOPHER LOFTIN

Dated: 11/18/19

# Civil Case Information Statement

**Case Details: CAPE MAY | Civil Part Docket# L-000454-19**

**Case Caption:** LOFTIN SHADELLA  VS DRBA & CAPE MAY-LEWE S FERRY
**Case Initiation Date:** 11/19/2019
**Attorney Name:** SCOTT A PORTNER
**Firm Name:** FREEDMAN & LORRY, PC
**Address:** 811 CHURCH ROAD STE 214 CHERRY HILL NJ 08002
**Phone:** 8563172201
**Name of Party:** PLAINTIFF : Loftin, Shadella
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO    **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/19/2019
Dated

/s/ SCOTT A PORTNER
Signed